[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Mike Morgan appeals his adjudication as a sexual predator pursuant to R.C. Chapter 2950, Ohio's sexual-predator statutes. The adjudication stemmed from an earlier trial to the court in which Morgan had been found guilty of two counts of the attempted rape of his girlfriend's eight-year-old daughter, and had been sentenced, on September 19, 1985, to a lengthy period of incarceration.
At the sexual-predator hearing on February 28, 2000, Morgan offered no evidence indicating that he had been rehabilitated during the course of his incarceration. Compare State v. Pryor (Mar. 10, 2000), Hamilton App. No. C-990497, unreported.
In his sole assignment of error, Morgan contests the weight of the evidence adduced to support the trial court's adjudication that he is a sexual predator. After reviewing the record in its entirety, including evidence of the sexual offense committed upon the eight-year-old girl, and the paucity of evidence of rehabilitation, we hold that the trial court had sufficient information before it to produce a firm belief or conviction that Morgan was likely to commit another sexual offense. Consequently, the court could have properly found by clear and convincing evidence that Morgan is a sexual predator. See R.C. 2950.09(B); see, also, In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613, 620. The assignment of error is overruled.
But, examining the entry adjudicating Morgan a sexual predator, journalized on February 28, 2000, we note a discrepancy. While the trial court modified the caption of the entry to reflect that Morgan had been found to be a sexual predator, the text of the entry, which provided an opportunity for the court to circle the appropriate adjudication — sexual predator, habitual sexual offender, or sexually oriented offender — was left unaltered. The transcript of the proceedings leaves no doubt that the trial court adjudicated Morgan to be a sexual predator. Morgan has assigned that adjudication as error. Neither party to this appeal notes the discrepancy or contests the substance of the entry. In this case, we construe the trial court's February 28, 2000 entry to be precisely what it is captioned and journalized as — an entry adjudicating Morgan to be a sexual predator.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.